```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

Dale E. Holloway, Jr.

     v.                              Case No. 22-cv-022-SM

New Hampshire State Prison Warden

## REPORT AND RECOMMENDATION

Before the court is Dale E. Holloway, Jr.'s petition for a writ of habeas corpus (Doc. No. 1), filed under 28 U.S.C. § 2241, challenging his pretrial detention in State v. Holloway, No. 226-2019-cr-814 (N.H. Super. Ct., Hillsborough Cty.-S.D.) ("Holloway I"). Mr. Holloway is presently serving his prison sentence imposed in another criminal matter, see State v. Holloway, No. 216-2019-cr-1856 (N.H. Super. Ct., Hillsborough Cty.-N.D.) ("Holloway II"), while awaiting the trial in Holloway I. This § 2241 petition concerning Holloway I is before the court for screening, to determine whether the claims raised in the petition are facially valid and may proceed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); § 2254 Rule 1(b); LR 4.3(d)(4)(A).

## § 2254 Rule 4 Review Standard

A judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes Mr. Holloway's pleadings liberally, in light of his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

I.   State Proceedings

In Holloway I, Mr. Holloway is charged with attempted murder, assault, and being a felon in possession of a firearm, arising from a shooting at a church in Pelham, New Hampshire. He was ordered detained without bail in that matter in October 2019.

While in pretrial detention at the Hillsborough County Department of Corrections ("HCDC"), Mr. Holloway assaulted the attorney representing him in that matter. He was prosecuted for that assault in Holloway II. He pleaded guilty and was sentenced in Holloway II in May 2021 to 7½ to 15 years, stand committed. Mr. Holloway was transferred to the New Hampshire State Prison ("NHSP"), where he is currently a prisoner.

In February 2021, while still in pretrial detention, Mr. Holloway filed a state habeas petition in the N.H. Supreme Court

("NHSC") under NHSC Rule 11, challenging the legality of his indictments and pretrial detention orders. See In re Holloway, No. 2021-0054 (N.H., filed Feb. 18, 2021). The NHSC denied that petition on April 15, 2021. See In re Holloway, No. 2021-0054 (N.H. Apr. 15, 2021).

Also in April 2021, Mr. Holloway filed a state "Petition for Writ of Habeas Corpus" in Holloway I, seeking bail on personal recognizance, asserting that his pretrial detention violated his due process rights. The Superior Court in Holloway I denied that petition on May 11, 2021.

Mr. Holloway filed his "Motion to Enforce Constitutional Rights" in Holloway I in 2022. A hearing on that motion was scheduled for September 9, 2022. A written decision on that motion is not part of this court's record. Jury selection in Holloway I is scheduled for October 31, 2022.

II. Federal Proceedings

In addition to this § 2241 petition relating to Holloway I, Mr. Holloway filed two prior § 2241 petitions, challenging the indictments and state court detention orders in both Holloway I and Holloway II. Those prior § 2241 petitions were dismissed without prejudice. See Holloway v. HCDC Superintendent, No. 21-cv-205-PB, 2021 WL 1227760, 2021 U.S. Dist. LEXIS 64821 (D.N.H. Mar. 15, 2021), R&R adopted, No. 21-CV-205-PB, 2021 WL 1227082, 2021 U.S. Dist. LEXIS 198029 (D.N.H. Apr. 1, 2021) ("First 2241

3

Petition"); see also Holloway v. United States, No. 21-cv-456-JD, 2021 WL 5868223, 2021 U.S. Dist. LEXIS 198029 (D.N.H. Aug. 3, 2021), R&R adopted, 2021 U.S. Dist. LEXIS 197030, 2021 WL 4772120 (D.N.H. Oct. 12, 2021) ("Second § 2241 Petition").

Mr. Holloway has also filed a post-conviction petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence in Holloway II, see Holloway v. Warden, No. 22-cv-009-SE (D.N.H., filed Jan. 11, 2022) ("2254 Petition"). That § 2254 petition remains pending, as the court's 2254 Rule 4 review is not yet complete.

In the instant § 2241 petition, Mr. Holloway asserts federal constitutional claims that substantially overlap with those raised in his two prior § 2241 petitions. He claims that his October 2019 arrest and pretrial detention were unlawful under the Privileges and Immunities Clause and the Fourth, Eighth, and/or Fourteenth Amendments; that he has been held in unconstitutional conditions of confinement, in violation of the Eighth Amendment; that his Sixth Amendment rights to a fair trial, a speedy trial, and the effective assistance of counsel have been denied; that his indictments are invalid and subject to dismissal; and that he has been denied due process, in violation of the Fourteenth Amendment. Mr. Holloway seeks a hearing, release from confinement, and dismissal of his state indictments.

**Discussion**

I. *Younger* Abstention

Mr. Holloway has asserted federal constitutional claims challenging the validity of his prosecution and detention in Holloway I. He asserted similar claims in his prior § 2241 petitions. Applying the abstention doctrine in Younger v. Harris, 401 U.S. 37 (1971), the court in the Second § 2241 Petition concluded that abstention until the end of his criminal prosecution was required, and then the court dismissed those petitions without prejudice for that reason. See Second § 2241 Petition, 2021 WL 5868223, at *4, 2021 U.S. Dist. LEXIS 198029, at *6-12 (D.N.H. Aug. 3, 2021) (citing cases); cf. First § 2241 Petition, 2021 WL 1227760, at *3, 2021 U.S. Dist. LEXIS 64821, at *5-8 (D.N.H. Mar. 15, 2021) (noting that, absent extraordinary circumstances, courts have applied Younger to dismiss pretrial habeas claims relating to bail, innocence, and due process violations, and concluding that this court would examine implications of Younger if Mr. Holloway exhausted his state remedies).

There has been no material change in Mr. Holloway's circumstances relating to Holloway I, with respect to the application of Younger to his federal habeas claims. The Holloway I prosecution satisfies the prerequisites for Younger abstention, as it is ongoing, implicates important state interests, and continues to provide an opportunity for him to

5

advance his federal claims. The bad faith, harassment, and flagrantly-unconstitutional-state-statute exceptions to <u>Younger</u> abstention are inapplicable. See <u>Second § 2241 Petition</u>, 2021 WL 5868223, at *4, 2021 U.S. Dist. LEXIS 198029, at *8-12 (analyzing issues and discussing inapplicability of those exceptions). Following the disposition of Mr. Holloway's prior § 2241 petition, and for like reasons, the district judge in this case should abstain from ruling on the federal claims Mr. Holloway has asserted, and this petition should be dismissed without prejudice, pursuant to the <u>Younger</u> abstention doctrine.

II.  <u>Exhaustion</u>

The exhaustion requirement that courts generally apply to pretrial § 2241 petitions provides a separate basis for dismissing Mr. Holloway's petition. In dismissing Mr. Holloway's prior § 2241 petitions for lack of exhaustion, the court concluded that he had not demonstrated that any exception to the exhaustion requirement applies to his circumstances, or that his prior NHSC Rule 11 proceedings exhausted his state remedies. See <u>Second § 2241 Petition</u>, 2021 WL 5868223, at *4, 2021 U.S. Dist. LEXIS 198029 (D.N.H. Aug. 3, 2021) ("Absent a showing that the NHSC in fact ruled on the merits of [his] claims or that [petitioner] is now otherwise barred under state law from litigating the same claims in a direct appeal or in other state collateral proceedings, the record here does not demonstrate

6

that his prior [NHSC] Rule 11 filings exhausted his state remedies on those claims."), R&R adopted, 2021 U.S. Dist. LEXIS 197030, 2021 WL 4772120 (D.N.H. Oct. 12, 2021).

There have been no further state proceedings culminating in NHSC review that have occurred since the court issued its orders in 2021 dismissing Mr. Holloway's prior § 2241 petitions.  The Superior Court hearing on Mr. Holloway's "Motion to Enforce Constitutional Rights" has not provided the NHSC with any opportunity to review his claims.  Mr. Holloway has not fairly presented his claims in the NHSC; he is not excused from the jurisprudential exhaustion requirement; and no exception to that exhaustion requirement applies.  See id.; see also Porter v. Scurry, No. 21-cv-772-LM, 2022 U.S. Dist. LEXIS 48046, at *6, 2022 WL 813745, at *3 (D.N.H. Jan. 25, 2022) (summarily denied NHSC Rule 11 petition did not exhaust state remedies on claims asserted therein), R&R adopted, 2022 U.S. Dist. LEXIS 47903, 2022 WL 813744 (D.N.H. Mar. 17, 2022).  Accordingly, this § 2241 petition should be dismissed by the district judge, without prejudice, because of Mr. Holloway's failure to show that he has exhausted his state remedies on his claims.

### Certificate of Appealability ("COA")[1]

When the district court denies a habeas petition filed by a state inmate on procedural grounds without reaching the underlying constitutional claims, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); see also 28 U.S.C. § 2253(c)(2).  Here, Mr. Holloway has not made any substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that Younger abstention, and the unsatisfied exhaustion requirement, bar further review of Mr. Holloway's claims.  A COA is properly denied in this case.

### Conclusion

For the foregoing reasons, the district judge should dismiss the § 2241 petition (Doc. No. 1) in its entirety,

---

[1]See Winburn v. Nagy, 956 F.3d 909, 912 (6th Cir. 2020) ("The circuit courts speak as one in their holdings that the language of [28 U.S.C.] § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254.").  But cf. Gonzalez v. Justices of Mun. Ct., 382 F.3d 1, 12 (1st Cir. 2004) ("Where, as here, a habeas petition is governed by section 2241, a certificate of appealability is not essential."), vacated on other grounds, 544 U.S. 918 (2005), reinstated, 420 F.3d 5 (1st Cir. 2005).

without prejudice; the district judge should decline to issue a certificate of appealability; judgment should be entered; and the case should be closed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 12, 2022

cc: Dale E. Holloway, Jr., pro se